# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

___

| | | |
|---|---|---|
| **KRISTAL MORROW,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No. 09-2129-STA |
| | ) | |
| **MEDTRONIC, INC., MEDTRONIC SOFAMOR DANEK USA, INC., and MEDTRONIC SOFAMOR DANEK, INC.** | ) ) ) ) | |
| | ) | |
| **Defendants.** | ) | |

___

## ORDER REMANDING CASE TO STATE COURT
___

Before the Court is Defendants' Motion to Dismiss (D.E. # 3) filed on March 11, 2009. Plaintiff's Response to the Motion was due on or before May 22, 2009 pursuant to United States Magistrate Judge Diane K. Vescovo's Order of April 14, 2009. To date Plaintiff has failed to respond. For the reasons set forth below, this case is **REMANDED**.

This Court has jurisdiction over this products liability matter by virtue of the diversity of the parties pursuant to 28 U.S.C. § 1332. Plaintiff filed her Complaint in the Circuit Court of Shelby County, Tennessee on January 16, 2009. Defendants filed a Notice of Removal to this Court on March 4, 2009. Defendants' Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) was filed thereafter. In her Amended Complaint in state court, Plaintiff alleged that Defendants had breached the express and implied warranties of merchantability and fitness of purpose as defined in Tennessee law by manufacturing a certain medical device known as the Dorsal Column

1

Stimulator.  Am. Compl. 1.

The Court finds that it need not reach the merits of Defendants' Motion to Dismiss because the Court lacks subject matter jurisdiction to rule on the Motion.  United States District Courts are granted diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between citizens of different states."[1]  In order for a federal court to exercise diversity jurisdiction, there must be complete diversity among the parties, that is, no two parties to the action may be residents of the same state.[2]  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."[3]  The Court has discretion to order dismissal for lack of subject matter jurisdiction *sua sponte* and further has the independent duty to confirm that subject matter jurisdiction is present whether the parties have made the objection or not.[4]

The Court finds that it lacks subject-matter jurisdiction in this case due to the lack of complete diversity among the parties.  Pursuant to 28 U.S.C. 1332(c)(1), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."[5]  It is undisputed that Plaintiff is a citizen of the state of Tennessee.  However, according to the Tennessee Secretary of State's Office, Defendant Medtronic Sofamor Danek USA, Inc. is incorporated under the laws of the state of Tennessee

---

[1] 28 U.S.C.A. § 1332.

[2] *Safeco Ins. Co. of America v. City of White House*, 36 F.3d 540, 545 (6th Cir. 1994) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806)).

[3] Fed. R. Civ. P. 12(h)(3).

[4] *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 126 S.Ct. 1235, 1244, 163 L.Ed.2d 1097 (2006).

[5] 28 U.S.C. 1332(c)(1).

and together with Defendant Medtronic Sofamor Danek, Inc. ("the Tennessee Defendants"), has as its principal place of business 2600 Sofamor Danek Drive, Memphis, Tennessee 38132. Defendants admit as much in their Notice of Removal where they argue in a footnote that neither Tennessee Defendant "designed, tested, manufactured, prepared or provided warnings, produced, advertised or sold the medical device system in question as averred by Plaintiff." Defs.' Notice of Removal, 2 n. 1. Nevertheless, the Court holds that the validity of any claims against these Defendants as citizens of Tennessee for purposes of 1332(c)(1) are better resolved by the Tennessee courts, not in a brief footnote in Defendants' Notice of Removal. Therefore, this Court lacks subject matter jurisdiction over these parties due to the lack of complete diversity. This case is hereby remanded to the Circuit Court of Shelby County, Tennessee, pursuant to 28 U.S.C. 1447(c).

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: June 12th, 2009.